Filed 3/1/22  In re M.J. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re M.J. et al., Persons Coming Under the Juvenile Court Law. | B312519 (Los Angeles County Super. Ct. No. 21LJJP00204) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. MARY C., Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Susan Ser, Judge.  Appeal dismissed.

Janette Freeman Cochran, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, Kimberly Roura, Deputy County Counsel, for Plaintiff and Respondent.

_____

In this dependency case (Welf. & Inst. Code, § 300 et seq.),[1] Mary C. (Mother) challenges the sufficiency of the evidence supporting the juvenile court's jurisdictional findings against her under section 300, subdivision (b) that she failed to protect her daughters M.J. and T.J. (then eight and five years old) from their father's conduct (inadequate supervision of the children and engaging in domestic violence with Mother).[2] While this appeal was pending, the juvenile court terminated dependency jurisdiction and issued a final custody order, awarding joint legal and physical custody to Mother and Father, with the children to reside primarily with Mother. Mother has not appealed from the order terminating jurisdiction or the final custody order, and her time to do so has expired. As explained below, her appeal challenging the jurisdictional findings is moot based on these subsequent orders, which she has not challenged. Mother has advanced no specific, nonspeculative reason for us to exercise our discretion to consider this moot appeal. Accordingly we grant the motion of the Los Angeles County Department of Children and Family Services (DCFS) to dismiss this appeal.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] M.J. and T.J.'s father, Damien J. (Father), is not a party to this appeal.

2

# BACKGROUND

At the time these dependency proceedings were filed in April 2021, custody of M.J. (then eight years old) and T.J. (then five years old) was governed by a family court order. Under the order, the children primarily resided with Mother, and the children stayed with Father two weekends per month.

On May 17, 2021, the juvenile court assumed jurisdiction over M.J. and T.J. based on the following sustained findings under section 300, subdivision (b):

"[Father] placed the children in a detrimental and endangering situation in that on numerous occasions the father left the children alone in the car outside of hotels for an extended period of time with no adult supervision. Further[,] the children do not feel safe in the care of the father. [Mother] failed to protect the children in that the mother knew of the detrimental and endangering situation the father established for the children and allowed the father to have contact with the children. The detrimental and endangering situation established for the children on the part of the father and the mother's failure to protect the children endanger the children's physical health[] and safety and place the children at risk of serious physical harm, damage and failure to protect."

"[Mother] and [Father] have a history of engaging in violent altercations in the presence of the children. On prior occasions, the mother and father engaged in violent altercations resulting in the mother sustaining bruising. On prior occasions, the father called the mother demeaning names. On prior occasions, the mother called the father demeaning names. The mother failed to protect the children in that the mother allowed the father to reside in the children's home and have unlimited contact with the

children.[3]  The violent conduct by the father against the mother and the mother's failure to protect the children endanger the children's physical health and safety, create[] a detrimental home environment, and place the children at risk of serious physical harm, damage, danger and failure to protect."

At disposition, the juvenile court declared M.J. and T.J. dependents of the court and released them to both parents, with Father's unmonitored visitation to occur as it had before these dependency proceedings commenced.  The court also ordered family maintenance services and required both parents to complete case plans.  Mother's case plan consisted of a parenting program, individual counseling to address "effective co-parenting, protective parenting, and effective communication and co-parenting skills," and conjoint counseling with Father if a therapist so recommended.

Mother appealed, challenging the sufficiency of the evidence supporting the jurisdictional findings against her.  She argues (1) the evidence does not demonstrate she failed to protect the children from Father's inadequate supervision of them; and (2) the "allegations of a history of engaging in violent altercations had aged out," and the children were not at risk of harm from the parents' domestic violence at the time of the adjudication hearing, as the parents had not lived together for several years.

On November 17, 2021, during pendency of this appeal, the juvenile court terminated dependency jurisdiction in this matter and stayed the order, pending receipt of a proposed final custody

---

[3] Mother and Father did not live together when these dependency proceedings commenced or at any time during these dependency proceedings.

4

order granting the parents joint legal and physical custody of the children, with "primary residence and tie breaking authority" awarded to Mother. On December 3, 2021, the juvenile court ordered that the final custody order grant Father visitation from 7:00 p.m. on Friday to 7:00 p.m. on Sunday, on the first three weekends of each month. On December 6, 2021, the juvenile court lifted the stay on termination of jurisdiction and issued the final custody order.

On December 14, 2021, DCFS filed a motion to dismiss this appeal, arguing it is moot in light of the juvenile court's order terminating dependency jurisdiction and the final custody order.[4] Mother filed an opposition to the motion, arguing her appeal is not moot because (1) "the terms of the unappealed order terminating jurisdiction do not supersede or conflict with the findings Mother challenges on appeal – her failure to protect the children, creating an endangering situation for the children, placing the children at risk of serious physical harm, damage and failure to protect"; (2) the jurisdictional findings "have the potential to impact future dependency and family law proceedings"; and (3) the "order terminating jurisdiction did not dismiss the findings."

In the respondent's brief, DCFS also argues Mother's appeal is not justiciable because Father has not challenged on appeal the jurisdictional findings regarding his inadequate supervision of the children and domestic violence with Mother.

---

[4] Also on December 14, 2021, DCFS filed a request for judicial notice of the juvenile court's November 17, December 3, and December 6, 2021 minute orders that we described above. We grant this unopposed request for judicial notice.

In response, in her reply brief on appeal, Mother argues we should reach the merits of her appeal because "the outcome of this appeal is the difference between Mother's [*sic*] being an 'offending' parent versus a 'nonoffending' parent," and "[s]uch a distinction may have far reaching implications for future proceedings in this case, including the family law proceedings."

Mother's time to appeal from the juvenile court's order terminating dependency jurisdiction and the final custody order has expired, and she has not filed a notice of appeal challenging either.

**DISCUSSION**

For the reasons explained below, we grant DCFS's December 14, 2021 motion to dismiss this appeal as moot.

"A question becomes moot when, pending an appeal from a judgment of a trial court, events transpire which prevent the appellate court from granting any effectual relief." (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566.) " 'A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' " (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404; *In re N.S.* (2016) 245 Cal.App.4th 53, 60 ["the critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error"].) An order terminating juvenile court jurisdiction renders an appeal from a previous order in the dependency proceedings moot where the appellate court cannot provide effective relief. (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488.) "[D]ismissal for mootness in such circumstances is not automatic, but 'must be decided on a case-by-case basis.' " (*Ibid.*)

The juvenile court's exit order has already provided Mother the relief she seeks—termination of juvenile court jurisdiction—

6

and we cannot grant Mother effective relief through her appeal. We may exercise our discretion to hear an otherwise moot appeal, however, where the asserted " 'error infects the outcome of subsequent proceedings,' " including "the possibility of prejudice in subsequent [dependency or] family law proceedings." (*In re C.C.*, *supra*, 172 Cal.App.4th at pp. 1488-1489.)

Mother argues in opposition to DCFS's motion to dismiss this appeal that the jurisdictional findings "have the potential to impact future dependency and family law proceedings" because the same issues are "likely to recur in the future between these parties." Mother speculates that the jurisdictional findings against her that she failed to protect the children from Father's inadequate supervision and domestic violence—her "offending" conduct—may impact her in future dependency or family law proceedings, but she does not explain how or why. Mother has advanced no specific, nonspeculative reason for us to exercise our discretion to consider this moot appeal, and we decline to do so. (See *In re I.A.* (2011) 201 Cal.App.4th 1484, 1493 ["Father has not suggested a single specific legal or practical consequence from this [jurisdictional] finding, either within or outside the dependency proceedings" that would warrant exercising the court's discretion to consider the challenge to the jurisdictional finding].)

## DISPOSITION

The appeal is dismissed as moot.

NOT TO BE PUBLISHED

                                        CHANEY, J.

We concur:


            ROTHSCHILD, P. J.


            CRANDALL, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.